1  SIDNEY J. COHEN, Esq., State Bar No. 39023
   SIDNEY J. COHEN PROFESSIONAL CORPORATION
2  427 Grand Avenue
   Oakland, CA 94610
3  Telephone: (510) 893-6682

4  Attorneys for Plaintiff
   HOLLYNN DELIL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN DELIL<br><br>    Plaintiff,<br><br>v.<br><br>GOLDEN GATE BRIDGE, HIGHWAY, AND TRANSPORTATION DISTRICT; and DOES 1 through 20, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C 08–1105 MEJ<br><u>Civil Rights</u><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: DENIAL OF DISABLED ACCESS; VIOLATION OF TITLE II OF AMERICANS WITH DISABILITIES ACT, 42 USC §12101** *et seq.*; **VIOLATION OF §504 OF REHABILITATION ACT OF 1973; VIOLATION OF §11135 CALIFORNIA GOVERNMENT CODE; VIOLATION OF §§4450, ET. SEQ. OF CALIFORNIA GOVERNMENT CODE; VIOLATION OF §§ 54 AND 54.1, CALIFORNIA CIVIL CODE; VIOLATION OF §19955ff HEALTH AND SAFETY CODE; AND VIOLATIONS OF RELATED CODES AND REGULATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

Complaint for Injunctive Relief And Damages

1

Plaintiff HOLLYNN DELIL complains of Defendant GOLDEN GATE BRIDGE, HIGHWAY, AND TRANSPORTATION DISTRICT and DOES 1-20, inclusive, and alleges as follows:

**INTRODUCTION**

1.  Plaintiff Hollynn Delil ("Ms. Delil") is a "person with a disability" or "physically handicapped person."[1] Ms. Delil requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2.  This claim involves the denial of disabled access to Ms. Delil at the Larkspur Ferry Terminal, on the Ferries Mendocino and Del Norte , and at the San Francisco Ferry Terminal, including but not necessarily limited to lack of proper disabled accessible parking and "paths of travel" in and at the terminals and lack of proper accessible ferries for transporting persons in wheelchairs between the two terminals.[2] Ms. Delil was denied equal protection of the law and was denied Civil Rights under both California law and federal law at both terminals and aboard both the Del Norte and the Mendocino ferries. Ms. Delil was denied her rights to full and equal access because the terminals and the ferries were not, and are not now, properly accessible to persons with disabilities such as Ms. Delil who use wheelchairs. Ms. Delil seeks to ensure that Defendant Golden Gate Bridge, Highway, and Transportation District and any other responsible parties remove all barriers to access and perform the work at the terminals and on the ferries necessary to bring them into compliance with all federal and

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§51, 52, 54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

[2] A preliminary list of items in violation of federal and state disabled access laws and regulations are set forth in Exhibit 1 to Ms. Delil's January 28 and February 5, 2008 claims to Defendant Golden Gate Bridge, Highway, and Transportation District (see Paragraph 9, infra.)

Complaint for Injunctive Relief And Damages

state disabled access laws and regulations so that they are fully accessible to persons with disabilities. Ms. Delil also seeks damages for her personal and physical injuries and discriminatory experiences as a result of the failure of the Golden Gate Bridge, Highway, and Transportation District and any other responsible parties to provide accessible facilities and ferries and seeks recovery of reasonable attorney's fees, expenses, and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC §12101 *et seq*. and §504 of the Rehabilitation Act. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq*., Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.3 and 55.

4. Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Ms. Delil's causes of action arose in this district.

5. This case should be assigned to the San Francisco intra district as the real property which is the subject of this action is located in the San Francisco intra district and Ms. Delil's causes of action arose in the San Francisco intra district.

**PARTIES AND GOVERNMENT CLAIM**

6. Ms. Delil is and at all time relevant to this Complaint was a physically disabled person and a "person with disabilities," as these terms are used under California law and under federal laws, including but not limited to §504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act of 1990. These terms, a "physically disabled person," and a "person with disabilities," will be used interchangeably throughout this Complaint. Ms. Delil requires the use of a wheelchair for mobility.

7. Defendant Golden Gate Bridge, Highway, and Transportation District and

Defendants Does 1-5 are public entities and/or employees or agents of Defendant Golden Gate Bridge, Highway, and Transportation District and are subject to Title II of the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, and the requirements of California State law requiring full and equal access to public facilities pursuant to § 4450ff Government Code and elsewhere, and to all other legal requirements referred to in this complaint. Defendants Does 6-15 are owners, operators, lessors and/or lessees of the public accommodation buildings, structures, and/or facilities which are the subject of this lawsuit. The Larkspur Ferry Terminal, the Mendocino and the Del Norte ferries, and the San Francisco Ferry Terminal and their buildings, structures, and facilities are "public accommodations" subject to the requirements of California Government Code §§ 4450 et seq., Health & Safety Code §§ 19955 et seq. and of California Civil Code §§ 54, et. seq. On information and belief, the terminals and ferries have, since November 13, 1968, either been newly constructed or undergone "alterations, structural repairs, or additions" subjecting such public accommodations to disabled access requirements of Government Code § 4456 and Health & Safety Code §19959 since July 1, 1970. On information and belief, all such Doe defendants wrongfully discriminated against Ms. Delil on the basis of her disability as part of a joint venture and common enterprise with the named Defendant Golden Gate Bridge, Highway, and Transportation District.

8. Ms. Delil does not know the identities of Does 16-20 at this time and prays leave to substitute the true names of each such Defendant when they have been ascertained. Ms. Delil does not know the relative responsibilities of Defendant Golden Gate Bridge, Highway, and Transportation District and Does 1-5 in the ownership and operation of the facilities herein complained of, and alleges a joint venture and common enterprise by Defendant Golden Gate Bridge, Highway, and Transportation District and Does 1-5 in the ownership and operation of each such facility. On information and belief, Ms. Delil also alleges that each such Defendant was and is an owner, operator, lessor, and/or lessee of the public facilities complained about herein.

9. <u>GOVERNMENT CLAIMS FILED AND REJECTED</u> - Ms. Delil made timely claims for damages to Defendant Golden Gate Bridge, Highway, and Transportation District by claims dated January 28 and February 5, 2008 and provided a preliminary list of barriers to access in Exhibit 1 the claims. The claims and their Exhibits 1 are incorporated by reference herein as if set forth in full. By letter dated February 22, 2008, Defendant Golden Gate Bridge, Highway, and Transportation District rejected Ms. Delil's claims.

**FACTUAL BASES FOR COMPLAINT**

10. This lawsuit results from Ms Delil's encounters and denials of access at the Larkspur ferry terminal, on the Del Norte and Mendocino ferries, and at the San Francisco ferry terminal on September 6, 2007, more specifically set forth as follows:

A. Ms. Delil arrived at the Larkspur terminal in her wheelchair accessible van with a friend at approximately noon for a planned ferry ride to San Francisco and a visit to the San Francisco Museum Of Modern Art.

B. Upon her arrival in the parking lot Ms. Delil found that there were no "accessible" spaces available, but there were five (5) empty spaces blocked off by yellow tape and cones. Ultimately, Ms. Delil's friend had to move some cones and tape so that Ms. Delil could park.

C. After Ms. Delil purchased her ticket, she encountered an extremely steep and dangerous ramp on the gangway while attempting to board the Del Norte ferry. During her ascent up the steep ramp, Ms. Delil could not get up the ramp by herself, needed the help of her friend to push her up the ramp, and went over backwards twice in her wheelchair, being saved from a major fall by being caught by her wheelchair's anti-tip wheels. During this process, Ms. Delil, among other things, injured her neck.

D. Once on the Del Norte for the crossing to San Francisco, Ms. Delil encountered noncompliant wheelchair seating and tables, a noncompliant counter at the snack bar, noncompliant thresholds, no access to life jackets, and, most distressingly, a non compliant restroom and inaccessible toilet which she was not able to use because of

Complaint for Injunctive Relief And Damages

insufficient space to make a "side transfer" from her wheelchair to the toilet.

   E. Upon arrival at the San Francisco terminal, Ms. Delil encountered another steep gangway ramp which caused her great difficulty in departing the Del Norte.

   F. Upon her departure from the San Francisco Terminal, Ms. Delil again had great difficulty in getting up the steep ramp, this time to to board the Mendocino, and got stuck on the steep and dangerous gangway ramp to the ferry. This again required her friend's assistance in getting up the ramp. When her friend gave her a push to get unstuck and get up the ramp, Ms. Delil's wheelchair went flying forward on the back anti tip wheels and then landed forward with a bang, again injuring her neck.

   G. Once on the Mendocino for the crossing to Larkspur, Ms. Delil encountered noncompliant wheelchair seating, a noncompliant counter, and, most distressingly, a non compliant restroom and inaccessible toilet which she was not able to use because of insufficient space to make a "side transfer" from her wheelchair to the toilet.

   H. Upon arrival at the Larkspur terminal, Ms. Delil encountered another steep gangway ramp which caused her great difficulty in departing the Mendocino.

  11. As a result of the actions and failures to act of Defendants and each of them and as a result of the failure to provide disabled access, Ms. Delil suffered, and continues to suffer on a daily basis, denial of her Civil Rights, physical injury, psychological and emotional discomfort, pain and suffering, and denial of her rights to full and equal access to public facilities, all to her general and statutory damages. As a result of the above facts, Ms.Delil was denied her Civil Rights, and continues to be denied her Civil Rights, and she was embarrassed, humiliated, and was denied full and equal access solely on the basis that she is physically disabled and unable to use the subject public facilities because of their inaccessibility to persons who require the use of wheelchairs for mobility.

**FIRST CAUSE OF ACTION:**
**DISCRIMINATION IN VIOLATION OF TITLE II**
**OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

  12. Ms. Delil repleads and incorporates by reference as if fully set forth herein the

Complaint for Injunctive Relief And Damages

6

1  allegations contained in Paragraphs 1 through 11 of this complaint.

2      13.    At all times herein mentioned, Ms. Delil was entitled to the protections of the "Public Services" provisions of Title II of the Americans with Disabilities Act of 1990, (hereinafter referred to alternatively as the "ADA"). Pursuant to 42 USC 12132, § 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Defendants Golden Gate Bridge, Highway, and Transportation District and Does 1-5 were and are such public entities. Ms. Delil was at all times relevant herein a qualified individual with a disability for all purposes under the ADA.

    14.    In violation of Title II of the Americans with Disabilities Act of 1990, Defendant Golden Gate Bridge, Highway, and Transportation District and Does 1-5 discriminated against Ms. Delil by failing to ensure that individuals with physical disabilities such as Ms. Delil are not excluded from services, programs and activities at the Larkspur terminal, on the Del Norte and Mendocino ferries, and at the San Francisco terminal and its buildings, structures, and facilities, including but not limited to those set forth in paragraphs 2 and 10, supra. In addition, Defendants have discriminated against Ms. Delil and other persons with mobility disabilities in violation of 28 C.F.R. §35.130, including subsection, (b)(3)(i, and ii), which states:

"(3) A public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration;

(i) That have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability;

(ii) That have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entities program with respect to individuals with disabilities."

Defendant's failures and omissions with respect to the denials of access set forth in paragraphs 2 and 10, supra, subject Ms. Delil to discrimination on the basis that she is a disabled person and unable to use such inaccessible public facilities.

Complaint for Injunctive Relief And Damages

7

15.     As a result of such discrimination, in violation of §202 of the ADA, Ms. Delil is entitled to the remedies, procedures and rights set forth in § 505 of the Rehabilitation Act of 1973 (29 USC 794a), as provided by §203 of the ADA.

16.     On information and belief, to the date of filing of this complaint, Defendants have failed to make any of their facilities as described herein accessible to and usable by physically disabled persons, as required by law.

17.     Ms Delil seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and have the effect of wrongfully excluding Ms. Delil and other members of the public who are physically disabled wheelchair users from full and equal access to and at the Larkspur ferry terminal, on the Del Norte and Mendocino ferries, to and at the San Francisco ferry terminal, and at and in their buildings, structures feries,, and facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Ms. Delil in that these actions continue to treat her as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities and requires the use of a wheelchair for movement in public places; Ms. Delil is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of Defendant Golden Gate Bridge, Highway, and Transportation District's terminals and ferries and their buildings, structures, and facilities. Until Defendant Golden Gate Bridge, Highway, and Transportation District makes its terminals and ferries and its facilities accessible to and useable by Ms. Delil, she is deterred from returning to the terminals and ferries and the buildings, structures, and facilities. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Ms. Delil if not enjoined by this court. Ms. Delil requests that the Court issue an injunction ordering and requiring that Defendants remove all barriers to access for persons with disabilities at and in the terminals and on the ferries and make the terminals, ferries, buildings, structures, and facilities accessible to and usable by disabled persons. Ms Delil further requests that the Court order and require Defendants to instruct all employees, and set up practices and procedures to ensure, that no disabled person using a

wheelchair or who is otherwise mobility impaired is denied full and equal access to and independent use of the terminals, ferries, buildings, structures, and facilities.

18. Ms. Delil requests appropriate damages, litigation expenses and costs, and reasonable attorneys' fees as provided by law.

WHEREFORE, Ms. Delil prays that this court grant relief as requested herein below.

**SECOND CAUSE OF ACTION:
VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973**

19. Ms. Delil repleads and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 18 of this complaint.

20. Defendants Golden Gate Bridge, Highway, and Transportation District and Does 1-5 are each a local government agency existing under the laws of the State of California with responsibility for, *inter alia*, operating the subject terminals and ferries.. Ms. Delil is informed and believes and thereon alleges that Defendants Golden Gate Bridge, Highway, and Transportation District and Does 1-5, and each of them, have been a recipient of Federal financial assistance and that part of that financial assistance was and is used to fund the construction, alteration, and operations of the subject terminals and ferries and other functions and activities which take place at the terminals, on the ferries, and in the buildings, structures, and facilities.

21. By their actions or inactions in denying disabled accessible at the terminals and on the ferries, Defendants have violated Ms. Delil's rights under §504 of the Rehabilitation Act of 1973, 29 USC §794 and under the regulations promulgated thereunder.

22. Ms. Delil has no adequate remedy at law, and unless the relief requested herein is granted, Ms. Delil or any other similarly disabled persons who have cause to use the terminals and ferries will suffer irreparable injury by the denial of access at the terminals and on the ferries .

23. Ms Delil seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and have the effect of wrongfully excluding Ms. Delil and other members of the public who are physically disabled wheelchair users from full and equal access to and at the terminals, on the ferries and to and at

Complaint for Injunctive Relief And Damages

the buildings, structures, and facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Ms. Delil in that these actions continue to treat her as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities and requires the use of a wheelchair for movement in public places; Ms. Delil is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of this terminals and ferries and the subject buildings, structures, and facilities. Until Defendants make the terminals, ferries, building, structures, and facilities accessible to and useable by Ms. Delil, she is deterred from returning to the terminals, ferries, buildings, structures, and facilities. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Ms. Delil if not enjoined by this court. Ms. Delil requests the Court issue an injunction ordering and requiring that Defendants remove all barriers to access for persons with disabilities at and in the terminals and on the ferries, and make the terminals, ferries, buildings, structures, and facilities accessible to and usable by disabled persons. Ms Delil further requests that the Court order and require Defendants to instruct all employees, and set up practices and procedures to ensure, that no disabled person using a wheelchair or who is otherwise mobility impaired is denied full and equal access to and independent use of the terminals, ferries, buildings, structures, and facilities.

24. Ms. Delil requests appropriate damages, litigation expenses and costs, and reasonable attorneys' fees as provided by law.

WHEREFORE, Ms. Delil prays that this court grant relief as requested herein below.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA GOVERNMENT CODE §11135**
**DISCRIMINATION UNDER PROGRAM RECEIVING**
**FINANCIAL ASSISTANCE FROM THE STATE**

25. Ms. Delil repleads and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 24 of this complaint.

26. On information and belief, the administration, supervision and maintenance of Defendant Golden Gate Bridge, Highway, and Transportation District and its terminals, ferries,

Complaint for Injunctive Relief And Damages

buildings, structures, and facilities are funded, at least in part, by the State of California.

27.  Defendants have failed to make the terminals, ferries, buildings, structures, and facilities accessible to and usable by physically disabled persons, and have failed to make their programs, services, and activities readily accessible to disabled persons, all in violation of California Government Code §11135 *et seq.*, which states:

> §11135.  Programs or activities funded by state; discrimination on basis of ethnic group identification, religion, age, sex, color, or disability; federal act; definition
>
> No person in the State of California shall, on the basis of ethnic group identification, religion, age, sex, color, or disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state.
>
> With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans With Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

28.  Ms. Delil has no adequate remedy at law, and unless the relief requested herein is granted, Ms. Delil and other disabled persons will suffer irreparable harm in that they will continue to be discriminated against and denied access to the terminals, ferries, buildings, structures, and facilities complained of herein. Further, Ms. Delil suffered damages, and continues to suffer damages as the result of denial of her Civil Rights and failure of Defendants to remove barriers to access and failure to comply with federal and state disabled access laws and regulations. Because Ms. Delil seeks improvement of access for physically disabled persons, which will benefit a significant portion of the public, Ms. Delil seeks attorney's fees, litigation expenses and costs pursuant to §1021.5 California Code of Civil Procedure, as to this cause of action and as to all causes of action in this complaint which seek injunctive relief.

WHEREFORE, Ms. Delil prays that this court grant relief as requested herein below.

### FOURTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA GOVERNMENT CODE §4450 *ET SEQ.*

29  Ms. Delil repleads and incorporates by reference as if fully set forth herein the

allegations contained in Paragraphs 1 through 28 of this complaint.

30.   Ms. Delil is informed and believes and thereon alleges that the subject terminals, ferries, buildings, structures and related facilities are subject to California Government Code §§4450 and 4451. Ms. Delil is further informed and believes and thereon alleges that the Defendants have constructed, altered, or repaired parts of the subject terminals, ferries, buildings, structures, and related facilities within the meaning of California Government Code §§4450 and 4451 since July 1, 1968, thereby requiring provision of access to persons with disabilities, as required by law. Further, since January 1, 1982, construction or alteration at the terminals, on the ferries and the buildings, structures, and facilities also triggered access requirements pursuant to Title 24 of the California Code of Regulations.

31.   The actions and inactions of the Defendants as herein alleged constitute a denial of access to and use of the terminals, ferries, buildings, structures, and related facilities by physically disabled persons within the meaning of California Government Code §4450 *et seq*. Ms. Delil has no adequate remedy at law, and unless the relief requested herein is granted, Ms. Delil will suffer irreparable harm as a result of Defendants' failure to fulfill their obligations to provide full and equal access to and at the terminals, on the ferries, and to and at the buildings, structures, and related facilities. Ms. Delil seeks injunctive relief, damages and recovery of reasonable attorneys' fees and costs.

WHEREFORE, Ms. Delil prays that this court grant relief as requested herein below.

**FIFTH CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA CIVIL CODE §§54 AND 54.1**

32.   Ms. Delil repleads and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 31 of this complaint.

33.   Pursuant to the authority delegated by Government Code §4450, *et seq.*, the State Architect promulgated regulations for the enforcement of these provisions. Effective January 1, 1982, Title 24 of the California Administrative Code adopted the California State Architect's Regulations and these regulations must be complied with as to any construction, alterations, or

Complaint for Injunctive Relief And Damages

modifications of the terminals, ferries, buildings, structures, and related facilities occurring after that date, and as to any modifications required as a result of this lawsuit. Construction or construction changes occurring prior to this date but after July 1, 1968 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. At the time of the construction, modification, and alteration of the terminals, ferries, buildings, structures, and/or facilities, Title 24 of the California Administration Code required that the terminals, ferries, buildings, structures, and facilities must conform to each of the standards and specifications described in the California State Architect's Regulations. On information and belief Defendants performed such construction and alterations as to trigger access requirements as herein pled.

34.	At all times relevant to this complaint, California Civil Code §54 has provided that "individuals with disabilities shall have the same right as the general public to the full and free use of.... public buildings, public facilities and other public places."

35.	At all times relevant to this action, California Civil Code §54.1 has provided that physically disabled persons are not to be discriminated against because of physical disability, in the use, *inter alia*, of a public accommodation. §54.1 California Civil Code provides that:

> ....physically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles,...or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or federal regulations, and applicable alike to all other persons.

36.	Further, effective January 1, 1997, any violation of the Americans With Disabilities Act of 1990, (as pled in the First Cause of Action herein above, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54(c) and §54.1(d) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law. Ms. Delil alleges that she has been denied such full and equal access during the six (6) months preceding the filing of her public entity claim and continuing on a daily basis thereafter.

Complaint for Injunctive Relief And Damages

37. California Civil Code §54.3 provides that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in §54 and §54.1 or otherwise interferes with the rights of an individual with a disability is liable for each offense for the actual damages and any amount as may be determined by a court or jury up to a maximum of three times the amount of actual damages but in no case less than $1,000, and such attorneys' fees that may be determined by the Court in addition thereto, suffered by any person denied any of the rights provided in §54 and §54.1.

38. As the result of Defendants' failure to provide full and equal access, Ms. Delil was denied her rights to full and equal access to the terminals, on the ferries, and at the buildings, structures, and facilities, in violation of §§54 and 54.1 California Civil Code, and suffered damages thereby, and as herein above described. Ms. Delil is entitled to the relief and remedies of §54.3 Civil Code, including damages, treble damages, and attorneys' fees, litigation expenses, and costs.

39. Attorneys' Fees - As a result of Defendants' acts and omissions as above described, Ms. Delil has been required to incur legal expenses and hire attorneys in order to enforce her rights and enforce provisions of the law protecting access for persons with disabilities and prohibiting discrimination against the disabled, and to take such action both in her own interest and in order to enforce an important right affecting the public interest. Ms. Delil therefore seeks recovery of all reasonable attorney's fees, litigation expenses, and costs incurred, pursuant to the provisions of §1021.5 of the California Code of Civil Procedure and §§54.3 and 55 of the California Civil Code.

WHEREFORE, Ms. Delil prays that this court grant relief as requested herein below.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Delil prays that this Court:

1. Issue a preliminary and permanent injunction directing that Defendants 1) modify the terminals, ferries, buildings, structures and facilities so that each provides full and equal access to all citizens, including persons with disabilities and 2) remove all barriers to access at the

Complaint for Injunctive Relief And Damages

terminals, on the ferries, and at the buildings, structures, and facilities and take all actions necessary to ensure that the terminals, ferries, buildings, structures, and facilities comply with all federal and state disabled access laws and regulations for persons such as Ms. Delil who require the use of wheelchairs for mobility.

2. Issue a preliminary and permanent injunction directing that Defendants immediately prepare a full and complete evaluation of its "current services, policies, and practices," including any leases to inaccessible public facilities, to determine if each of them meets the requirements of Title II regulations, and a timetable to address any deficiencies in compliance with 28 C.F.R. §§35.105 and 35.150.

3. Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

4. Award to Ms. Delil all appropriate damages, including but not limited to statutory damages, general damages and special damages in an amount within the jurisdiction of the Court;

5. Award to plaintiff all litigation expenses and costs of this proceeding, and all reasonable attorneys' fees as provided by law; and

6. Grant such other and further relief as this Court may deem just and proper.

Dated: 2/25/08        SIDNEY J. COHEN
                      PROFESSIONAL CORPORATION

                              /s/ Sidney J. Cohen
                      By _____
                         Sidney J. Cohen
                         Attorney for Plaintiff Hollynn Delil

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: 2/25/08        SIDNEY J. COHEN
                      PROFESSIONAL CORPORATION

                              /s/ Sidney J. Cohen
                      By _____
                         Sidney J. Cohen
                         Attorney for Plaintiff Hollynn Delil

Complaint for Injunctive Relief And Damages

Complaint for Injunctive Relief And Damages

16